IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBBIE THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 09-328 |
| JEFFREY A. BEARD, *et al.*, | ) Magistrate Judge Bissoon |
| | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Robbie Thomas is a state prisoner currently incarcerated in the State Correctional Institution at Huntingdon, Pennsylvania. Thomas alleges that he was given a combination of prescription medications by Defendant Peter Longstreet, M.D., a prison psychiatrist, that caused Thomas to "attempt" suicide in May, 2007 (Doc. 3). He alleges that Defendant Longstreet intentionally prescribed medications in a deliberate attempt to cause Plaintiff to harm himself, and this, it is alleged, amounts to euthanasia (Id.). Plaintiff further alleges that the remaining Defendants aided the physician by, *inter alia*, placing Plaintiff in the Restricted Housing Unit where he was then given the medications (Doc. 50).

Defendant Longstreet has filed a Motion for Summary Judgment (Doc. 61) and has attached thereto, under seal, Thomas's medical records. The records reflect that Plaintiff was treated for some time by Dr. Longstreet, with generally satisfactory results. Plaintiff was prescribed a new medication on April 30, 2007, in response to increased symptoms. Plaintiff threatened to commit suicide on May 21, 2007, after three weeks on the new medication. The

1

new medication was immediately discontinued, and Plaintiff has been treated by prison medical staff since that time without further complaint.[1]

Several Defendants who are Department of Corrections officers and supervisory personnel have filed a Motion to Dismiss (Doc. 39), as has Defendant Keith (Doc. 54), who is identified as a phlebotomist not employed by the Department of Corrections (Doc. 42, p.1). These Defendants assert that no claims have been made against them in the Complaint.

A.  **Applicable Standards**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009).

By contrast, a party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*" Fed. Rule Civ. Proc. 56(e) (emphasis added), or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby,

---

[1] Dr. Longstreet ceased treating Plaintiff in February, 2008, due to repeated complaints by Plaintiff concerning the May, 2007 trial of a new medication for Plaintiff's condition. Plaintiff has been treated by another psychiatrist since that time.

Inc., 477 U.S. 242 (1986). The inquiry involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., at 251-52.

**B. Analysis**

Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id. Notably, even where there is a serious medical condition, a prisoner also must allege facts that would permit a jury to conclude that the defendant prison officials acted with a sufficiently culpable state of mind. Twombly, 127 S. Ct. at 1965 ("[f]actual allegations must be enough to raise a right above the speculative level"). Generally speaking, an **intentional** refusal to provide **any** medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable. Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992). However, where medical treatment is offered, the mere allegation of an opinion difference between a patient and a doctor, or between two medical professionals, does not amount to "deliberate indifference to a serious medical need." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) ("there may . . . be several acceptable ways to treat an illness."); Young, 960 F.2d at 358 n.18 (superceded by statute on other grounds) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983).

Plaintiff's allegations concerning his treatment, and specifically that Dr. Longstreet acted intentionally to cause him harm, are belied by the lengthy records of treatment in this case

3

attached to Dr. Longstreet's Motion for Summary Judgment. Indeed, even crediting Plaintiff's own version of events, he suffered no actual harm from the medication he was prescribed, but merely considered suicide. Plaintiff concedes that he discontinued taking the medication immediately upon his complaint that it made him consider suicide.

Plaintiff attaches to his Complaint, and to various affidavits and other filings he has made (seemingly at random), exhibits that he believes show that Dr. Longstreet should have been aware that the combination of medications he was prescribed could result in Plaintiff becoming anxious and ultimately suicidal. Even if this is true, it is clear from the allegations in the Complaint (and from the medical records) that Plaintiff was monitored while under Dr. Longstreet's care, and that Plaintiff's complaints of suicidal thoughts were addressed immediately, and effectively. Plaintiff has, at the most, presented facts which **might** support a finding that Dr. Longstreet was negligent in initially prescribing Plaintiff a particular medication. Plaintiff has not, however, presented facts which would support a finding of an intentional attempt to cause harm, or a deliberate indifference to Plaintiff's medical needs, as is necessary for purposes of making out a claim under the Eighth Amendment. Brownlow v. Chavez, 871 F.Supp. 1061, 1064 (S.D.Ind. 1994) ("The Eighth Amendment does not guarantee a prisoner's choice of a physician, a mode of treatment or a place of treatment, nor does or could it guarantee a particular outcome . . ..") (internal citations omitted); Gamble, 429 U.S. at 107 (failure of medical defendants to order x-ray for complaints of back pain does not state a claim for deliberate indifference where other treatment was provided).

Finally, the medical records presented by Dr. Longstreet clearly establish that Plaintiff was at all times offered treatment designed to address his symptoms and his medical needs.

4

Plaintiff's bald accusation that an attempt was made to make him kill himself is fantastic and is defeated by the uncontested medical records.

The Court cannot discern from the Complaint, or any of the myriad other pleadings and "affidavits" filed by Plaintiff, any claims against the remaining Defendants. The only recognizable occurrence in Plaintiff's lengthy and confusing submissions to the Court is the claim that Dr. Longstreet prescribed a medication that caused Plaintiff to consider suicide. Plaintiff does not allege that any of the other Defendants had personal involvement in Dr. Longstreet's actions, and his claims against the remaining Defendants necessarily fail for that reason alone. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). In any event, however, even if some personal involvement had been alleged, the administration of the particular medication did not cause constitutional harm, and any claim against these Defendants would fail for the same reasons that Dr. Longstreet is entitled to summary judgment.

AND NOW, this 14th day of January, 2010,

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (Docs. 39 and 54) are GRANTED.

IT IS FURTHER ORDERED that Defendant Longstreet's Motion for Summary Judgment (Doc. 61) is GRANTED.

                s/Cathy Bissoon
                Cathy Bissoon
                United States Magistrate Judge

cc:
**ROBBIE THOMAS**
CY-4327
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112